FILED

2010 Sep-08  AM 11:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PERCY SAMPLES and ZACHARY COATS, | ] ] ] |
| Plaintiffs, | ] ] |
| vs. | ]  7:10-CV-01163-LSC ] |
| THE TUSCALOOSA COUNTY SHERIFF'S DEPARTMENT; SHERIFF EDMUND M. SEXTON, SR., as Sheriff, in his individual and official capacity; and TUSCALOOSA COUNTY CIVIL SERVICE BOARD, | ] ] ] ] ] ] ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.     Introduction.

The Court has for consideration a Motion to Dismiss (Doc. 6) by Defendants Tuscaloosa County Sheriff's Department ("Department"), Edmund M. Sexton, Sr. ("Sexton"), and Tuscaloosa County Civil Service Board ("Board"), filed on June 10, 2010.   Plaintiffs Percy Samples ("Samples") and Zachary Coats ("Coats") filed suit against the defendants alleging violations of Titles VI and VII of the Civil Rights Act of 1964 ("Title

VI" and "Title VII"), 42 U.S.C. § 1981 ("1981") through 42 U.S.C. § 1983 ("1983"), and the Fourteenth Amendment.  Specifically, Plaintiffs assert claims for discrimination in violation of Title VI, Title VII, § 1981, § 1983, and the Fourteenth Amendment.  The Department moves to dismiss on the grounds it is not a legal entity subject to suit.  The Board argues that it does not make hiring decisions, as that power rests in Sheriff Sexton alone. Defendant Sexton moves to dismiss all claims against him in both his individual and official capacity because (1) in his official capacity, he is entitled to absolute immunity as a state official for the claims asserted by Plaintiffs pursuant to § 1983; (2) Plaintiffs have failed to assert allegations under § 1983 against Sexton in his individual capacity, and, alternatively, he is entitled to qualified immunity; (3) hiring decisions for the position of deputy sheriff are not subjected to Title VII because the position falls under the "personal staff" exemption; (4) Title VII individual capacity claims are inappropriate; (5) Title VI claims require that federal funds are aimed primarily at providing employment.

On June 11, 2010, this Court entered a briefing schedule requiring the Plaintiff to respond to Defendants' motion in fourteen days.  On June 14,

2010, Plaintiffs' counsel moved to withdraw.  (Doc. 9 & 10.)  That motion was denied by the Court on June 18, 2010.  Plaintiffs have not filed a response to Defendants' motion to dismiss.  Nevertheless, the issues raised in Defendants' motion to dismiss are now ripe for consideration.  Upon full consideration of the legal arguments and evidence presented, the motions are due to be granted in part and denied in part.

II.    Facts.[1]

Plaintiffs Samples and Coats, African American males, are both currently employed as detention officers with the Tuscaloosa County Jail. Both have been employed with the Department from March 2, 2002 to present.  During the times material to the averments of the Complaint, Defendant Sexton was the Sheriff of Tuscaloosa County, Alabama. Defendants factual averments allege simply that they have been passed up for advancement while similarly-situated, less-qualified Caucasian employees have received promotions.  Both have filed complaints with the Equal Employment Opportunity Commission ("EEOC") and received right-to-sue letters.

---

[1]Unless otherwise indicated, the facts are taken from Plaintiffs' Complaint.

III.    Standard of Review.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).[2]    But the "plaintiff's obligation to

---

[2]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555 (internal citations omitted).  The plaintiff must plead "enough facts to state a claim that is plausible on its face."  *Id*. at 570.  Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed."  *Id*.

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

---

which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63.  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id*. at 563.

'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

IV.   Discussion.

A.     The Department and Board's Motion to Dismiss.

Under Alabama law, a county sheriff's department is not a legal entity subject to suit.  Whether an entity may be sued is determined by the law of the state in which the district court sits.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that in Alabama, "a county sheriff's department lacks the capacity to be sued").  The Alabama Supreme Court has clearly held that a county sheriff's department "is not a legal entity subject to suit."  *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991).  Therefore, the Department's Motion to Dismiss is GRANTED and all claims asserted against the "Tuscaloosa County Sheriff's Department" are due to be dismissed.

The Board's Motion to Dismiss is also due to be granted.  Plaintiffs have failed to explain how the Board could be liable for the decisions of Sheriff Sexton regarding their employment.  Under Alabama law, the Sheriff has the authority to hire and fire deputy sheriffs, not the Board.  *See Carr v. Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990).  Plaintiffs have failed to allege that the Board has any involvement in the hiring decisions of the Sheriff.  Instead, their allegations appear to lie solely with him.  Therefore,

even if Sexton is found to have discriminated against the Plaintiffs, that discrimination cannot be attributed to the Board.  The Board's Motion to Dismiss is GRANTED and all claims asserted against the "Tuscaloosa County Civil Service Board" are due to be dismissed.

B.    Title VI Claims against Sexton

In order for an employee to recover damages for discriminatory employment practices under Title VI, a threshold requirement is that the employer be the recipient of federal funds aimed primarily at providing employment.  *Jones v. Metropolitan Atlanta Rapid Transit Auth.*, 681 F.2d 1376, 1378 (11th Cir. 1982) ("[I]n order to bring suit under Title VI, an employer must receive federal funds for purposes of providing employment.").  In their complaint, Plaintiffs allege only that "the actions were done while Defendants operated at some capacity with the assistance of federal grant money."  (Doc. 1 at ¶ 23.)  Thus, under the plain language of Plaintiffs' Complaint, no claim is made upon which relief may be granted. Defendants' Motion to Dismiss Title VI claims is GRANTED, and Count III is thus due to be dismissed in its entirety.

C.      § 1981 through § 1983[3] and Equal Protection.[4]

      1.      Official Capacity:  Eleventh Amendment Immunity.

Defendant Sexton argues that Plaintiffs' claims for damages under § 1983 against him in his official capacity are due to be dismissed because, as a state official, he is entitled to absolute immunity for damages.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  According to the United States Supreme Court, "[t]he bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances. . . ."  *Mt. Healthy City Sch. Dist. Bd.*

---

[3]Plaintiffs claim violations of § 1981 through § 1983.  To the extent that Plaintiffs bring these as separate actions, the Court finds that these actions should be treated as one cause of action under § 1983 since Sheriff Sexton is an executive officer of the State. *See Butts v. County of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000) (holding that "§ 1983 constitutes the exclusive remedy against state actors for violations under § 1981").

[4]Plaintiffs claim that Sexton deprived them of their Fourteenth Amendment right to equal protection by taking adverse action against Plaintiffs based on race.  "When an individual seeks redress in the courts for a violation of h[is] constitutional rights, []he may not sue directly under the Constitution. Rather, []he must make h[is] claim under 42 U.S.C. § 1983."  *Kelley v. Troy State Univ.*, 923 F. Supp. 1494, 1500 (M.D. Ala.1996).  Therefore, Plaintiffs' Equal Protection claims will be analyzed as a claim brought pursuant to § 1983.

*of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).   The Eleventh Amendment

prohibits federal courts from hearing federal and state claims, absent an

exception,[5] "if such claims would result in an award of damages directly

against a state or an official thereof." *Sanders v. Miller*, 837 F. Supp. 1106,

1110 (N.D. Ala. 1992) (citing *Pennhurst,* 465 U.S. at 119-20).   "This bar

[against a damages action] remains in effect when State officials are sued

for damages in their official capacity." *Kentucky v. Graham,* 473 U.S. 159,

169 (1985) (citations omitted).

    In regard to immunity for a state official, "[t]he court must look to

state law to determine whether a state official is covered by Eleventh

Amendment immunity." *Sanders*, 837 F. Supp. at 1110 (citing *Carr v. City*

*of Florence*, 916 F.2d 1521, 1525 (11th Cir.1990) (citing *Mt. Healthy*, 429

U.S. at 280)).   Under Alabama law, a "sheriff is an executive officer of the

State of Alabama, who is immune from suit . . . in the execution of the

duties of his office*." Parker v. Amerson,* 519 So. 2d 442, 442-43 (Ala. 1987).

However, a sheriff is not immune from actions brought "(1) to compel him

---

[5]The exceptions to Eleventh Amendment immunity are implicated where "the state has waived its Eleventh Amendment immunity or Congress has abrogated the state's immunity." *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute." *Id.; see also Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991).

Since Defendant Sexton, during the time period material to the averments of the Complaint, was the Sheriff of Tuscaloosa County, there is no doubt that he is entitled to share in the State's Eleventh Amendment immunity.  Plaintiffs' Complaint seeks injunctive, declaratory, and other relief, including back pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, and benefits.  (Doc. 1 at 7.)  Plaintiffs' claims for monetary damages under § 1983 against Sexton in his official capacity are due to be dismissed because the Eleventh Amendment prohibits an award of damages against a sheriff in his official capacity under Alabama law.  *Carr*, 916 F.2d at 1525-27.  In addition, Plaintiffs are not entitled to recover retroactive damages of back pay (plus

interest).  *Quern v. Jordan*, 440 U.S. 332, 338 (1979) ("regardless of the entity named as defendant, the Eleventh Amendment bars retroactive damage awards which must be paid by the state").

Sexton may be sued in his official capacity for declaratory relief, injunctive relief, and for monetary relief that is "ancillary" to such prospective injunctive relief.[6]  *Graham*, 473 U.S. at 169 n.18 (citing *Edelman*, 415 U.S. at 667-68) (stating that where compliance with injunctive relief is prospective in nature, state officials would likely have to spend money from the state treasury in order to comply; therefore, such ancillary costs are permissible and are not barred by the Eleventh Amendment); *Parker,* 862 F.2d at 1475-76 (citing *Edelman*, 415 U.S. at 664) ("[T]he Eleventh Amendment does not insulate from suit state officials acting in their official capacities, at least for prospective injunctive relief."). Therefore, while Plaintiffs may recover monetary damages that are ancillary to prospective injunctive relief that may be awarded, they are not entitled to recover other monetary damages, including retroactive damages of back

---

[6]*See Sanders*, 837 F. Supp. at 1111 (where the court held that Eleventh Amendment immunity may be asserted to dismiss the claims against a sheriff for damages, even though a sheriff may still be sued in his official capacity for injunctive relief).

pay.  Thus, Defendants' motion to dismiss is due to be GRANTED to the extent Plaintiffs' complaint seeks damages other than those ancillary to any injunctive relieve that may be awarded.   To the extent Plaintiffs seek declaratory and injunctive relief under § 1983, the motion to dismiss is DENIED.

### 2.    Individual Capacity: Qualified Immunity.

Defendant Sexton contends that Plaintiffs' individual capacity claims under § 1981 brought pursuant to § 1983 and the Equal Protection Clause are due to be dismissed because he is entitled to qualified immunity.   Until recently, the claims that Plaintiffs assert pursuant to § 1983 were subjected to the "heightened pleading" standard as articulated in *Dalrymple et al. v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003).  This standard required that "while Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit . . . has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998); *see also Dalrymple*, 334 F.3d at 996 ("[W]e

are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement."); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).

This standard, however, was abrogated by the Eleventh Circuit in *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). In that case, the Eleventh Circuit held that precedents requiring a heightened pleading standard "were effectively overturned by the *Iqbal* court. Pleadings for § 1983 cases involving defendants who are able to assert qualified immunity as a defense shall now be held to comply with the standards described in *Iqbal*." *Id.* at 709.

Under the qualified immunity doctrine, it is well established that "[s]o long as a government official acts within the scope of his discretionary authority and does not violate clearly established law [of which a reasonable person would have known], the doctrine of qualified immunity protects him." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998)(citations omitted). A public official is entitled to qualified immunity if his actions were objectively reasonable. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (citations omitted). The purpose of qualified

immunity is to "ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)(quoting *Saucier v. Katz*, 535 U.S. 194, 206 (2001)).

To be successful on a qualified immunity defense, a public official "must first prove that 'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citations omitted).  Here, it is clear that Defendant Sexton was acting within his discretionary authority when making decisions about hiring deputy sheriffs because it is only by virtue of his position as sheriff that he has the authority to appoint, direct, and control the deputy sheriffs who work at the jail.  *See Turquitt*, 137 F.3d at 1289 (citing Ala. Code § 14-6-105 (1975)).

Once a defendant establishes that he was acting within his discretionary authority, the Court must then determine if the plaintiff has sufficiently alleged that the defendant violated a clearly established constitutional right.  The Eleventh Circuit mandates a two-part test to ascertain whether such an allegation has been sufficiently made.  First, the Court must determine whether the plaintiff's allegations, if true, establish

a constitutional violation.  *Vinyard*, 311 F.3d at 1346 (citing *Hope*, 536 U.S. at 735) (As a "threshold question," a court must ask, "[t]aken in the light most favorable to the party asserting the injury," do the facts establish a constitutional violation.).    Second, if the Court is convinced that a constitutional right would have been violated under the plaintiff's version of the facts, the Court must determine whether the right was clearly established at the time of the alleged violation.  *Vinyard*, 311 F.3d at 1346. The Court will deny a public official qualified immunity only if the plaintiff convinces the Court that the constitutional right at issue was clearly established at the time of the alleged violation to the degree that these defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights.  *See Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003).

Plaintiffs allege that Sheriff Sexton racially discriminated against them when hiring deputy sheriffs.  The Court will first consider whether the alleged violation meets the motion to dismiss standard.  Plaintiffs allege that they are entitled to relief under § 1981 through § 1983 and the Fourteenth Amendment of the United States Constitution because Sheriff

Sexton violated their constitutional right to be free from racial discrimination in the employment context by his decisions to hire various white employees as deputy sheriffs instead of Plaintiffs. Specifically, Plaintiffs allege that they were passed up for promotion while similarly situated Caucasian employees of less qualification received promotions. (Doc. 1, ¶¶12 & 15.) They have further stated that "Defendant failed to promote Plaintiffs while qualified, promoted less qualified Caucasian employees, and did not hire any African Americans as fulltime Deputy Sheriffs since 1991 until just recently." *Id.* at ¶18.

Construing these allegations liberally in favor of Plaintiffs, they have alleged sufficient facts to satisfy the criteria necessary to allege evidence of racial discrimination; therefore, the Court cannot say as a matter of law that Plaintiffs failed to allege racial discrimination. *See Shows*, 40 F. Supp. 2d at 1359 (where Shows alleged in his complaint that he applied for, was qualified, and was rejected for the position of permanent Police Chief when an African-American received the job a without applying for it, the court stated deemed that complaint sufficient to withstand a qualified immunity

defense).    Accordingly,  Plaintiffs'  allegations  sufficiently  plead  a constitutional violation of racial discrimination.

Determining  that  Plaintiffs'  allegations  establish  a  constitutional violation,  the  Court  must  determine  if  Plaintiffs'  rights  were  clearly established for purposes of qualified immunity.  In order for a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." *Lowe v. Aldridge*, 958 F.2d 1565, 1570 (11th Cir.1992)(quoting *Anderson*, 483 U.S. at 640).  "This is not to say that an official action is protected  by  qualified  immunity  unless  the  very  action  in  question  has previously been held unlawful, but it is to say that in the light of preexisting law, the unlawfulness must be apparent." *Id*.

In  the  Eleventh  Circuit,  it  "is  clearly  established  that  the  equal protection  clause  affords  [a plaintiff]  a  right  to  be  free  from  racial discrimination." *Busby v. City of Orlando*, 931 F.2d 764, 775 (11th Cir. 1991)(citing *Washington v. Davis*, 426 U.S. 229, 239-41 (1976)); *see also Smith v. Lomax*, 45 F.3d 402, 407 (11th Cir. 1995); *Yedell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1064 (11th Cir. 1992); *Brown v. City of Fort*

*Lauderdale*, 923 F.2d 1474, 1478-79 (11th Cir. 1991); *Smith v. State of Ala.*, 996 F. Supp. 1203, 1211 (M.D. Ala. 1998). The cases involving racial discrimination "cover a wide range of employment decisions, including discharge, failure to hire, failure to promote, transfer, and demotion, and make it perfectly clear that intentional racial discrimination is prohibited in the workplace, and that this has been a long-established rule of which employers should be well aware." *Smith v. State of Ala.,* 996 F. Supp. at 1212. "It is beyond doubt that the principal right allegedly violated by [Defendant Sexton]—the equal protection right to be free from intentional racial discrimination—was clearly established" at the time of the hiring of various deputy sheriffs. *Brown*, 923 F.2d at 1478. Therefore, the rule of law that Sexton was accused of violating was well established at the time of his actions. Thus, Defendants' motion to dismiss § 1983 claims against Sexton in his individual capacity based on qualified immunity is due to be DENIED.

     D.    Title VII.

          1.    Personal Staff Exemption.

Plaintiffs claim that Defendant Sexton discriminated against them in violation of Title VII.  Defendants claim that the position of deputy sheriff is exempt from coverage of Title VII by virtue of the personal staff exception.

In order for an individual to have a cognizable claim under Title VII, the person must be an employee.  Under Title VII, the term "employee" means:

> an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision. With respect to employment in a foreign country, such term includes an individual who is a citizen of the United States.

42 U.S.C. § 2000e(f)(2007).  The determination of whether an individual is an "employee" under Title VII "is a question of federal, rather than of state, law; it is to be ascertained through consideration of the statutory language of the Act, its legislative history, existing federal case law, and the

particular circumstances at hand." *E.E.O.C. v. Reno*, 758 F.2d 581, 584 (11th Cir. 1985) (quoting *Calderon v. Martin County*, 639 F.2d 271, 272-73 (5th Cir. 1981)[7] (citations omitted)).  "State law is relevant insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired." *E.E.O.C.*, 758 F.2d at 584.

Within the definition of "employee," Congress has provided an exception to the term "employee" for the "personal staff" of "any person elected to public office." *Id.* at 583.  In order to determine whether an individual is a member of an elected official's "personal staff," the following factors[8] are applied:

---

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit that were rendered prior to October 1, 1981.

[8]Other courts, which have addressed the issue of whether deputy sheriffs are exempt under the "personal staff" exception have relied on the following factors:

> (1) the sheriff's authority to hire, promote and terminate the employee, (2) the employee's level within the chain of command, (3) the presence of an intimate working relationship between the employee and the sheriff, (4) the involvement of the employee in policy-making decisions, (5) whether the employee worked in the sheriff's campaign, and (6) whether the sheriff directly supervises the employee.

*Frazier v. Smith*, 12 F. Supp. 2d 1362, 1367 (S.D. Ga.1998) (citing *Cromer v. Brown*, 88 F.3d 1315, 1323 (4th Cir. 1996); *United States v. Gregory*, 818 F.2d 1114, 1117 (4th Cir. 1987); *Curl v. Reavis*, 740 F.2d 1323, 1328 (4th Cir. 1984); *Owens v. Rush*, 654 F.2d 1370, 1376 (10th Cir. 1981)).

(1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

*Laurie v. Ala. Court of Criminal Appeals*, 88 F. Supp. 2d 1334, 1338 (M.D. Ala. 2000), *aff'd*, 256 F.3d 1266 (11th Cir. 2001)(citations omitted)(finding that staff attorneys are not "employees" for purposes of Title VII because they serve on the "personal staff" of their appointing elected judges). "[C]ase law indicates that the sixth factor is the most important factor." *Id*; *see also Teneyuca v. Bexar County*, 767 F.2d 148, 152 (5th Cir. 1985) ("Congress intended for the personal staff exception to apply only to those individuals who are in highly intimate and sensitive positions of responsibility on the staff of the elected official."). The term "personal staff . . . embodies the general and traditional proposition that positions of confidentiality, policy-making or acting and speaking before others on behalf of the chief are truly different from other kinds of employment."

*Shahar v. Bowers*, 114 F.3d 1097, 1104 n.15 (11th Cir. 1997).  Courts have concluded "that this exemption is to be narrowly construed."  *E.E.O.C.*, 758 F.2d at 583 (citing cases from the Tenth Circuit, the District of Oregon, and the Southern District of Georgia where the courts held that the exemption was to be narrowly applied) (citations omitted); *see also Frazier*, 12 F. Supp. 2d at 1366.

In this case, Sheriff Sexton, at all times relevant to the Complaint, was an elected official[9] and deputy sheriffs were on his staff.  The issue is whether deputy sheriffs should be considered members of his "personal staff."  The Eleventh Circuit[10] has not addressed whether deputy sheriffs are considered the "personal staff" of the sheriff.  Other courts that have addressed the issue of whether a deputy sheriff falls within the "personal staff" exception under Title VII are split as to whether a deputy sheriff qualifies as a member of the sheriff's "personal staff."  *See Cromer*, 88 F.3d

---

[9]Under Alabama Code § 17-14-1, a sheriff is an elected official.  ALA. CODE § 17-14-1 (1975).

[10]In *Calderon*, the court discussed the personal staff exemption in light of the district court's determination that a deputy sheriff was not an employee.  639 F.2d 271.  However, the court did not decide whether a deputy sheriff qualified as the "personal staff" of the sheriff, rather the court remanded for further factual findings about the nature and circumstances of the deputy sheriff's position.  *Id.* at 273.

at 1323 (when plaintiff was a lieutenant deputy sheriff, the court found that he was not a member of the sheriff's "personal staff" because he did not report directly to the sheriff, he did not work under the sheriff's personal direction, he had no hand in creating the department's policy, his termination was reviewed by the grievance board, and he was not hired by the sheriff); *but compare Cromer*, 88 F.3d at 1323 (when plaintiff served as a captain deputy sheriff, the court held that he was a member of the sheriff's "personal staff" because he was a member of the command staff, he met weekly with the sheriff to discuss the substance and merits of the operations, policies, and procedures, the sheriff promoted and demoted captains, and the captains dealt with matters of public concern); *Owens*, 654 F.2d at 1376 (holding that the undersheriff who was second in command and had a close working relationship with the sheriff was a member of the sheriff's "personal staff").

Courts are "unwilling to treat all deputy sheriffs as employees, or to exclude them wholesale from [the statute's] protection." *Cromer*, 88 F.3d at 1322 (quoting *Curl*, 740 F.2d at 1328); *see also Frazier v. Smith*, 12 F. Supp. 2d 1362, 1367 (S.D. Ga.1998)(courts "have declined to adopt a per se

rule regarding [deputy sheriff's] status"). Instead, a court's determination of whether a given deputy sheriff should be treated as a member of the sheriff's "personal staff" depends on a "careful examination of the nature and circumstances of [the deputy's] role in the Sheriff's Department." *Cromer*, 88 F.3d at 1322 (quoting *Curl*, 740 F.2d at 1328). Courts have repeatedly recognized that the issue of whether an individual qualifies as "personal staff" demands extensive factual analysis because the question of the nature and circumstances of an individual's position is a "highly factual" one. *See Calderon*, 639 F.2d at 273; *Montgomery*, 34 F.3d at 295; *Cromer*, 88 F.3d at 1323 (stating that a "fact-specific examination of the employee's role is what is required"). "[T]he highly factual nature of the inquiry necessary to the determination of the 'personal staff' exception does not lend itself well to disposition" by summary judgment or a motion to dismiss. *Teneyuca*, 767 F.2d at 152.

Here, Sheriff Sexton possesses the authority to hire, fire, train, direct, control, and supervise deputy sheriffs. *See Sanders*, 837 F. Supp. at 1110 (citing *Carr*, 916 F.2d at 1525-26; *Terry v. Cook*, 866 F.2d 373, 377 (11th Cir.1989)); Ala. Code § 14-6-105 (1975). Under Alabama law, "a deputy

sheriff is the general agent of and empowered to enter into business transactions for the sheriff.  Any transaction within the scope of the sheriff's duties may be acted upon by his deputy. The deputy sheriff is the alter ego of the sheriff. . . ." *Terry*, 866 F.2d at 377 (citations omitted).  These facts alone, however, are insufficient for the Court to conclude that the deputy sheriffs are members of the sheriff's "personal staff."  While the case law relied on by Defendant Sexton states that deputy sheriffs are the "alter ego" of the sheriff, Sexton has not claimed that his deputy sheriffs possess an intimate working relationship with him nor has he alluded to any facts which indicate that the nature and circumstances of the relationship establish that deputy sheriffs are members of his "personal staff."  Therefore, the Court finds that at this stage of the litigation, there is not an adequate factual basis to determine whether the position of deputy sheriff falls within the "personal staff" exception to Title VII's definition of "employee."  Therefore, the Motion to Dismiss is DENIED as to Title VII claims in Sexton's official capacity.

   2. Individual Capacity.

Sexton contends that the Title VII claim against him in his individual capacity is due to be dismissed because individual capacity suits are inappropriate under Title VII.   According to the Eleventh Circuit, "[i]ndividual capacity suits under Title VII are . . . inappropriate.  The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."  *Busby,* 931 F.2d at 772 (citations omitted).  Therefore, Sexton's motion to dismiss the Title VII claim against him in his individual capacity is due to be GRANTED

V.    Conclusion.

For the reasons stated above, Defendant Sheriff Sexton's motion to dismiss is due to be granted in part and denied in part.  A separate order conforming with this opinion will be entered.

Done this 8th day of September 2010.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE